IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS E. JURKOWICH,
      Petitioner,

vs.                                    Case No.:  3:04cv320/RV/EMT

JAMES CROSBY, JR.,
      Respondent.
_____/

**ORDER, REPORT AND RECOMMENDATION**

This matter is before the court upon an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 6).  Pending is Respondent's motion to dismiss premised upon Petitioner's failure to exhaust state remedies (Doc. 10).  Petitioner responded by filing a motion to strike the motion to dismiss on the ground that his claims have been exhausted (Doc. 12).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed without prejudice for Petitioner's failure to exhaust his state court remedies.

On August 13, 2001, Petitioner was convicted in the Circuit Court in and for Escambia County, Florida, of possession of a controlled substance and sentenced to two years of probation (*see* Doc. 6 at 1; Doc. 11, Ex. C at 17-20).  Petitioner appealed the conviction and sentence to the Florida First District Court of Appeal ("First DCA"), and the appellate court affirmed on September 4, 2002.  Jurkowich v. State, 826 So.2d 287 (Fla. 1st DCA 2002) (Table).  On September 27, 2002, Petitioner was convicted in the Escambia County Circuit Court of violation of probation (VOP) on the aforementioned case and sentenced to thirty-six (36) months of incarceration (*see* Doc. 6 at 1; Doc. 11, Ex. C at 98-105).  The direct appeal of his conviction and sentence is currently pending in the First DCA (*see* Doc. 11, Ex. C).

Petitioner raises seven grounds for relief in the instant habeas petition:

Ground One:   In violation of the Fourth, Fifth, and/or Fourteenth Amendment(s), the Petitioner was illegally stopped, siezed [sic], detained and/or searched.

Ground Two: In violation of the Fifth, Sixth and/or Fourteenth Amendments of the U.S. Constitution I was denied due process and/or a fair hearing/trial [Petitioner asserts error in the trial court's denial of his motion to suppress].

Ground Three:   The Escape conviction used against the Petitioner was obtained in violation of the Double Jeopardy Clause of the U.S. Constitution.

Ground Four:   In violation of the Sixth and/or Fifth and Fourteenth Amendment of the U.S. Constitution the Judge was bias [sic] and prejudicial denying the Petitioner a fair trial/hearing and rendering [sic] the results unreliable.

Ground Five:   In violation of the Sixth and/or Fifth and Fourteenth Amendments, the Court's order denying supresion [sic] denied the Petitioner Due Process of Law and/or a fair and impartial hearing.

Ground Six:  I was denied Due Process and effective assistance of counsel in violation of 6th and/or Fifth and Fourteenth amendment of the U.S. Constitution.

Ground Seven:   In violation of the Sixth and/or Fifth and Fourteenth amendment(s) of the U.S. Constitution, I was denied my right of self representation.

(Doc. 6 at 4-18).  Respondent argues the petition must be dismissed without prejudice because Petitioner failed to exhaust his state court remedies as to Ground Three.

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[1] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting

---

[1]Section 2254 provides, in pertinent part:

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)  the applicant has exhausted the remedies available in the courts of the State; or

(B) (i)  there is an absence of available State corrective process; or

(ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  Duncan, 513 U.S. at 365-66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); Picard, 404 U.S. at 277-78.  In Florida, exhaustion of state remedies generally requires a direct appeal or an appeal from the denial of a post-conviction motion.  *See* Leonard v. Wainwright, 601 F.2d 807 (5th Cir. 1979).  A federal district court ordinarily must dismiss without prejudice a habeas petition that contains both exhausted and unexhausted claims.  Rose v. Lundy, 455 U.S. 509, 519-20, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).  The only exception to this rule recognized by the Eleventh Circuit is where it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default.  *See* Snowden v. Singletary, 135 F.3d 723, 736 (11th Cir. 1998).  In that case, the district court may treat those claims barred by state law as no basis for federal habeas relief.  *Id.*

In the instant case, the state court record conclusively establishes that Petitioner's direct appeal of the 2002 judgment is currently pending in the First DCA.[2]  Petitioner acknowledges the appeal is pending (*see* Doc. 6 at 3(a, b)) however, he asserts the pending appeal challenges only his sentence, whereas the claims raised in the instant habeas petition concern only his conviction (*id.* at 3(b)).  Contrary to Petitioner's assertion, Ground Three of the instant petition alleges his prior conviction for escape was "used against" him in violation of the Double Jeopardy Clause (Doc. 6 at 9-10).[3]  Petitioner raised this issue in his direct appeal, and in a Rule 3.800 which is pending on appeal in the First DCA (*see* Doc. 11, Ex. C at 112, Ex. A at 5).  Those cases have been consolidated and remain pending (*see* Doc. 11, Ex. B).  Furthermore, it is not obvious that the claim raised in Ground Three would be procedurally barred in state court due to a state-law procedural default.  Therefore, the instant federal habeas petition must be dismissed.  *See* Maharaj v. Sec'y for the Dep't of Corr., 304 F.3d 1345, 1349 (11th Cir. 2002) (federal habeas petition is not ripe for review until state judgment of conviction is final).[4]

Accordingly, it is **ORDERED**:

---

[2]On the date of submission of this Report and Recommendation, the pendency of the appeal was verified on the online docket of the First District Court of Appeals (*see* www.1dca.org, Case No. 1D02-4385).

[3]Indeed, the state court record shows Petitioner received 9 points on his sentencing scoresheet for a prior conviction for escape (*see* Doc. 11, Ex. C at 14).

[4]This Court previously advised Petitioner of the exhaustion requirement and that if he filed a petition containing unexhausted claims, it would be subject to dismissal (*see* Doc. 5).  Petitioner chose to proceed with the instant action.

Petitioner's Petition to Strike State's Motion to Dismiss With Prejudice and Compel Ruling on Petitioner's 28 U.S.C. § 2254 Petition for Habeas Corpus (Doc. 12) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That the amended petition for writ of habeas corpus (Doc. 6) be **DISMISSED** without prejudice for failure to exhaust.

At Pensacola, Florida, this 10th day of June, 2005.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**